IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CLINT B., | ) |
|       Plaintiff, | ) |
| vs. | ) Case No. 23-CV-558-JFJ |
| MICHELLE KING,[1] | ) |
| Acting Commissioner of Social Security, | ) |
|       Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Clint B. seeks judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claim for disability benefits under Title II and Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court reverses and remands the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.  General Legal Standards and Standard of Review**

"Disabled" is defined under the Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are

---

[1] Effective January 20, 2025, pursuant to Federal Rule of Civil Procedure 25(d), Michelle King, Acting Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of 42 U.S.C. § 405(g).

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). A medically determinable impairment "must be established by objective medical evidence," such as medical signs and laboratory findings, "from an acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion [is not sufficient] to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functional capacity ("RFC"), whether the impairment prevents the claimant from continuing his past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). If a claimant satisfies his burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps

that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance "and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* at 1262. A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II.     Procedural History and the ALJ's Decision

On October 28, 2021, Plaintiff, then a 46-year-old male, protectively applied for a period of disability and disability insurance benefits under Title II, and supplemental security income benefits under Title XVI. R. 188-202. Plaintiff alleges he has been unable to work since an alleged onset date of February 21, 2016, due to neck, lower back, and rib injuries, numbness in hands, sciatica, post-traumatic stress disorder ("PTSD"), anxiety, and chronic pain. R. 188, 194, 229. Plaintiff's claims for benefits were denied initially and on reconsideration. R. 94-109, 112-123. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a telephonic hearing on March 2, 2023. R. 44-62. The ALJ issued a decision on April 24, 2023, denying benefits and

finding Plaintiff not disabled because he could perform other work existing in the national economy. R. 26-37. The Appeals Council denied review, and Plaintiff appealed to this Court. R. 10-12; ECF No. 2.

The ALJ found Plaintiff's date last insured was December 31, 2022. R. 28. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 21, 2016. *Id.* At step two, the ALJ found Plaintiff had the severe impairment of degenerative joint disease. R. 29. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. R. 29-30. In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found Plaintiff had no more than mild limitations in the four areas of (1) understanding, remembering, or applying information; (2) adapting or managing oneself; (3) interacting with others; and (4) concentrating, persisting, or maintaining pace. R. 30.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b) except that:

> he can lift and/or carry 20 pounds occasionally and ten pounds frequently; sit, stand and/or walk for a total of six hours in an eight-hour workday; occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and never climb ladders, ropes, and scaffolds or work at unprotected heights.

R. 31. At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a highway maintenance worker. R. 35. However, based on the testimony of a vocational expert ("VE"), the ALJ found at step five that Plaintiff could perform other occupations existing in significant numbers in the national economy, such as Cleaner, Hand Packager, Wrapper, Addresser, Call Out Operator, and Alarm Monitor. R. 36. The ALJ determined the VE's testimony

4

was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled. R. 37.

### III.    Issues

Plaintiff raises three points of error in his challenge to the denial of benefits: (1) the ALJ improperly evaluated the medical source opinions of David Ring, D.O.; (2) the ALJ failed to develop the record regarding Plaintiff's physical limitations; and (3) the RFC assessment was not supported by substantial evidence. ECF No. 12. The Court agrees with the first assignment of error and finds the ALJ committed reversible error by failing to properly evaluate Dr. Ring's opinions. The Court does not reach Plaintiff's other arguments.

### IV.    Analysis – ALJ's Evaluation of Dr. Ring's Medical Opinions Was Legally Flawed

For claims filed after March 27, 2017, such as Plaintiff's claim, 20 C.F.R. §§ 404.1520c and 416.920c provide that the ALJ will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ now need only articulate how persuasive he finds each medical source's opinion. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). Persuasiveness is based primarily on an opinion's supportability and consistency, and the ALJ must explain how he considered those two factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). For supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . , the more persuasive the medical opinions . . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). For consistency, "[t]he more consistent a medical opinion(s) . . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

The ALJ may, but is typically not required to, discuss other considerations that may affect the persuasiveness of a medical opinion, such as the source's relationship with the claimant, the source's area of specialization, and other factors tending to support or contradict a medical opinion. 20 C.F.R. §§ 404.1520c(b)(2)-(c), 416.920c(b)(2)-(c).

The regulations "do not prescribe the depth at which the ALJ must discuss" the supportability and consistency factors. *J. T. L. v. Kijakazi*, No. 22-cv-02343, 2023 WL 5017241, at *5 (D. Colo. Aug. 7, 2023) (citation and internal quotation marks omitted). At minimum, the ALJ must provide "sufficient specificity to enable the reviewing court to decide whether the determination is supported by substantial evidence." *Frazer v. Kijakazi*, No. 20-1147, 2022 WL 682661, at *5 (D.N.M. Mar. 8, 2022) (explaining ALJ's reasoning must be free of "rote analysis and conclusory explanations") (quotations omitted). *See also Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012) (stating the proper inquiry on judicial review is whether the reviewing court "can follow the adjudicator's reasoning" and "can determine that correct legal standards have been applied"); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (stating ALJ's rationale must be "sufficiently specific" to permit meaningful appellate review.).

### A. Dr. Ring's Opinions

Dr. Ring was Plaintiff's "pain management provider." ECF No. 12 at 6. On May 27, 2022, Dr. Ring completed a physician's assessment form related to Plaintiff's 2016 car accident. R. 590-605. Dr. Ring diagnosed Plaintiff with chronic bilateral low back pain with sciatica, chronic neck pain, and chronic headache. R. 590. Dr. Ring opined that Plaintiff cannot consistently bend over, pick up objects off the floor, get up, sit, stand, walk, carry, push, pull, climb, stoop, kneel, crouch, and crawl, due to pain, stiffness, and decreased range of motion in the cervical and lumbar spine. R. 592-593, 600. Dr. Ring opined that Plaintiff's ability to finger, feel the size, shape, temperature,

or texture of an object, or do fine manipulations is affected due to numbness, abnormal perception, and decreased sensation in hands and fingers. R. 593, 595, 600. Due to these limitations, Dr. Ring opined that Plaintiff was unable to lift five to ten pounds on a frequent basis; unable to write or type consistently; unable to sit for more than two hours out of an eight-hour workday; can sit for thirty minutes before needing to stand up; can stand for twenty minutes before needing to sit down; needs to lie down or rest at least two times in an eight-hour workday; and needs a job that allows him to shift between standing, walking, or sitting at will. R. 595-597, 599-601.

B.  **ALJ's Supportability Analysis**

The ALJ found Dr. Ring's opinions were not persuasive. R. 35. Specifically, as to supportability, the ALJ found his opinions were not supported by Dr. Ring's own treatment records showing Plaintiff had "normal strength and sensation." *Id.*[2] Plaintiff contends the ALJ's supportability analysis related to Dr. Ring's medical opinions is inadequate and not supported by substantial evidence. ECF No. 12 at 6-12. Plaintiff argues that normal sensation and strength findings are "not dispositive in this case because the . . . limitations assessed by Dr. Ring are based on pain and decreased range of motion" in the cervical and lumbar spine. ECF No. 12 at 8.

The Court concludes the ALJ committed reversible error in evaluating the supportability of Dr. Ring's opinions. The limitations assessed by Dr. Ring were based on Plaintiff's pain and decreased range of motion in the cervical and lumbar spine. R. 593, 600. The ALJ discounted these limitations based on a "normal" strength and sensation finding. However, the Court cannot discern why the ALJ concluded Dr. Ring's limitations were unsupported, based solely on a citation

---

[2] The ALJ further found the objective medical evidence was more consistent with a finding that Plaintiff is capable of light work with certain postural and environmental manipulations. R. 35. The Court does not reach whether the ALJ erred in evaluating the consistency of Dr. Ring's opinions, although Plaintiff also challenges the ALJ's consistency analysis.

7

to a normal strength and sensation finding within Dr. Ring's records.  The limitations imposed by Dr. Ring were based on Plaintiff's long history of pain and decreased range of motion, rather than a lack of strength and sensation in the back, neck, or extremities.  The ALJ's reason for finding Dr. Ring's opinions not supported does not clearly correspond with the records cited.  Without a more clear explanation from the ALJ, the Court is unable to follow the ALJ's reasoning for finding Dr. Ring's opinions unsupported and therefore unpersuasive.  This results in error.  *See Oldham*, 509 F.3d at 1258; *Keyes-Zachary*, 695 F.3d at 1166.

The Court's finding of error is further supported by the ALJ's impermissible picking and choosing of the medical evidence.  *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (explaining the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence").  Upon review of Dr. Ring's treatment records, the Court can find only one instance where he noted that Plaintiff's strength was normal.  *See* R. 555 (noting on physical examination that "[l]ower extremity strength and reflexes [were] intact").  Conversely, the record contains numerous examples of Plaintiff experiencing pain and decreased range of motion in the back and neck during examination.  *See* R. 484, 486, 489, 491, 493, 496, 499, 508, 514, 516, 518, 521, 525, 527, 529, 532, 534, 537, 540, 545, 547, 551, 581, 589, 612, 618, 622, 628, 650, 653, 657, 660, 663, 666, 669.  It was error for the ALJ to selectively rely on one normal strength finding in his supportability analysis in light of the multiple other contrary medical findings.  *See Griffitts v. Kijakazi*, No. CIV-22-301, 2023 WL 3138013, at *4 (W.D. Okla. Apr. 27, 2023) (finding reversible error in-part where ALJ's supportability analysis was "based on an improper selective review" of treatment records).

The Commissioner argues the ALJ's supportability analysis is supported by substantial evidence.  Specifically, the Commissioner argues the ALJ reasonably relied on the lack of objective

8

medical evidence supporting Dr. Ring's opinions, and that Dr. Ring based his opinions solely on Plaintiff's subjective reports of pain. ECF No. 18 at 7-8. The Court finds this argument unpersuasive. Dr. Ring's opinions were based on physical examinations spanning over five years, which consistently showed Plaintiff continued to have pain to touch and decreased range of motion due to neck and back pain. *See, e.g.,* R. 484, 514, 622. Despite the Commissioner's contentions otherwise, Dr. Ring's physical examinations are objective medical evidence as defined in the regulations. *See* 20 C.F.R. §§ 404.1502, 404.1513, 416.902, 416.913.

The ALJ's error is not harmless. Given the ALJ's flawed assessment, the Court cannot confidently conclude the ALJ's conclusion regarding Dr. Ring's opinions, or the RFC, would have remained unchanged with a proper evaluation. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (finding harmless error doctrine applies only in "exceptional circumstance" where court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way"). Dr. Ring opined that Plaintiff cannot lift five to ten pounds on a frequent basis and cannot sit for more than two hours out of an eight-hour workday. R. 441. Here, the RFC did not include these lifting or sitting restrictions. A reasonable factfinder could have included more restrictive physical limitations than those accounted for in the RFC. Therefore, the Court finds the ALJ's failure to properly evaluate Dr. Ring's opinions was not harmless and requires reversal for further consideration and discussion. *See Todd R.*, 2023 WL 7168780, at *5 (finding ALJ's failure to adequately explain evaluation of medical opinion was harmful error, because proper evaluation could have potentially altered RFC); *Griffitts*, 2023 WL 2023 3138013, at *5 (finding ALJ's evaluation of medical opinion to be harmful error, because ALJ's analysis was based on selective review of record).

**V.      Conclusion**

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order.

**SO ORDERED** this 5th day of February, 2025.

_____
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**